UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODI CLAIRE CLARK,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | CASE NO.: 1:22-cv-00227-BAK-GSA<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS AND TO REQUIRE FILING FEE PAYMENT, AND DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE**<br><br>**(Docs. 3)** |

On February 23, 2022 Plaintiff filed a complaint in this Court and applied to proceed without prepayment of fees (*in forma pauperis*) pursuant to 28 U.S.C. § 1915. Docs. 1–3.

### I.    <u>Legal Standard</u>

In order to proceed without prepayment of the filing fee, Plaintiff must submit an affidavit demonstrating that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). In enacting the in forma pauperis statute, "Congress intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs of litigation." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (internal quotations and citations omitted).

The determination whether a party may proceed in forma pauperis is a "matter within the

discretion of the trial court . . ." *Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963). To proceed in forma pauperis, a plaintiff need not demonstrate that he is completely destitute, but his poverty must prevent him from paying the filing fee and providing himself and his dependents (if any) with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). Although there is no bright line rule, courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. *See, e.g., Lint v. City of Boise*, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

## II. <u>Findings</u>

Plaintiff's application reflects that she has no spouse, no dependents, and received income of $2,130 per month over the past year ($25,560 per year) in social security and employment income, which is substantially more than the 2022 federal poverty guideline for a household of one ($13,590) per year). *See* 2022 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited February 24, 2022). The application reflects monthly expenses nearly equivalent to monthly income, and no cash on hand. Although Plaintiff's budget does appear tight, the itemized monthly expenses reflect at least some extent of discretionary spending beyond strict necessity, including $145 per month earmarked for phone and internet, $334 per month in car payments, and $600 per month in credit card installment payments beyond the amounts already earmarked for food, utilities, transportation, and recreation. The application reflects $900 in installment payments still owing on her 2013 Ford Explorer she estimates is worth $13,000. The application also reflects that Plaintiff lives with a friend and pays no rent. These facts, in addition to the significant gap between Plaintiff's income and the federal poverty line for a household of one suggest an ability to pay the $402 filing fee without sacrificing the necessities of daily life.

## III. <u>Recommendation</u>

Accordingly, it is RECOMMENDED that Plaintiff's application to proceed in forma pauperis be denied (Doc. 3).

The Clerk of Court is DIRECTED to randomly assign this case to a United States District Judge for resolution of these findings and recommendations pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days from the filing of these findings and

2

recommendations, Plaintiff may file written objections with the court. L.R. 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**February 24, 2022**__     _____/s/ Gary S. Austin_____
                                    UNITED STATES MAGISTRATE JUDGE

3