**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JODI CLAIRE CLARK,<br><br>        Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.: 1:22-cv-00227 JLT GSA<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, DENYING THE APPLICATION TO PROCEED IN FORMA PAUPERIS, AND REQUIRING PAYMENT OF THE FILING FEE<br><br>(Docs. 3, 6) |

Jodi Claire Clark initiated this action by filing a complaint for a judicial review of the administrative decision denying her application for Social Security benefits. (Doc. 1.) Plaintiff filed an application to proceed *in forma pauperis* the same day. (Doc. 3.) In considering her application to proceed IFP, the magistrate judge recommended that it be denied. (Doc. 6.) Plaintiff objects to the findings and recommendations. (Doc. 7.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a de novo review of the case. Having carefully reviewed the matter, the Court finds the findings and recommendations are supported by the record and proper analysis. The findings and recommendations accurately reflect the record, which reveals that Plaintiff, who has no spouse and no dependents and has no rent or mortgage expenses, earned approximately $2,130 per month over the past year ($25,560 per year). (*See* Doc. 6 at 2.) The record also documents that Plaintiff has modest expenses, including servicing of debt and

1

the payment of bills, that use up almost her entire income each month.  (*Id*.)  Yet, as the findings and recommendations explain, Plaintiff's income puts her above the relevant federal poverty guideline bracket for a single person:  $13,590.  *See* Department of Health and Human Services, 2022 Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines (last visited Apr. 27, 2022).  Plaintiff's objections (Doc. 7 at 2) point to the California Poverty measure, which articulates a "poverty threshold" for a family of four with housing expenses (such as a mortgage or rent payment) at approximately $24,000.  *See* Bohn, et al., The California Poverty Measure (PPIC, 2013), Appendix B, Table B1, available at: https://www.ppic.org/publication/the-california-poverty-measure-a-new-look-at-the-social-safety-net/ (last visited Apr. 27, 2022).[1]  Yet, that measure sets the "threshold" for a family of four with no mortgage or rental expenses at $19,535.  Plaintiff, who as mentioned does not support dependents, has income that is above the relevant threshold for a *family* with no housing expenses.

The Court operates under no illusion that any of these thresholds represent a situation of financial comfort.  Yet courts look to the poverty guidelines as a guidepost in evaluating *in forma pauperis applications*.  *See Martinez v. Kristi Kleaners, Inc*., 364 F.3d 1305, 1307 n.5 (11th Cir. 2004); *Boulas v. United States Postal Serv*., No. 1:18-cv-01163-LJO-BAM, 2018 WL 6615075, at *1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to in forma pauperis application).  The poverty guidelines should not be considered in a vacuum; rather, courts are to consider income in the context of overall expenses and other factors, including savings and debts.  *See, e.g., Boulas*, 2018 WL 6615075, at *1 n.1 (denying in forma pauperis where income exceeded expenses).  The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co*., 335 U.S. 331, 339 (1948). Where income is roughly equal to expenses, courts have granted IFP applications when the plaintiff's absolute amount of income is low relative to the poverty guidelines. *E.g., Shoop v. NV Energy*, No. 3:12-CV-00101-RCJ, 2012 WL 7656011, at *1 (D. Nev. July 18, 2012), *report and recommendation adopted*, No. 3:12-CV-00101-RCJ, 2013 WL 800708 (D. Nev. Feb. 28, 2013) (finding it "unlikely" plaintiff would be able to pay filing fee where plaintiff's monthly

---

[1] This is below the federal poverty guideline for a family of four: $27,750.

income was approximately $800 and monthly expenses were approximately $750); *Azizeh R. v. Saul*, No. 20CV2016-MDD, 2020 WL 8082422, at *1 (S.D. Cal. Oct. 19, 2020) (granting IFP application where plaintiff's total income was $452 per month and expenses "nearly equaled" that income); *Sherri K. v. Comm'r of Soc. Sec.*, No. 20CV1916-MDD, 2020 WL 13093879, at *1 (S.D. Cal. Sept. 25, 2020) (granting IFP application where plaintiff reported $765 monthly income and $38 savings alongside $765 monthly expenses); *Alamar v. Soc. Sec.*, No. 3:19-CV-0291-GPC-LL, 2019 WL 1258846, at *2 (S.D. Cal. Mar. 19, 2019) (granting IFP status to plaintiff with household income of $2,200 and household expenses of $2,105 for a family of five ).  As explained above, that is not the case here. Although this is a relatively close case, the Court agrees with the analysis in the findings and recommendations. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated February 24, 2022 (Doc. 6) are **ADOPTED IN FULL**.
2. Plaintiff's application to proceed *in forma pauperis* (Doc. 3) is **DENIED**.
3. Plaintiff is **DIRECTED** to pay the required filing fee within 30 days of the entry of this order to avoid dismissal of this action.

IT IS SO ORDERED.

Dated:  **April 28, 2022**

/s/ Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE